# S JPREME JUDICIAL COURT

### FOR THE

### ;OUNTY OF NORFOLK, OCTOBER TERM 1834, AT DEDHAM.

PRESENT:

Hon. LEMUEL SHAW, Chief Justice,
Hon. SAMUEL PUTNAM, } Justices.
Hon. MARCUS MORTON, }

---

## Sherman Leland, Judge of Probate, &c. *versus* William Loud *et al.*

Where on a writ sued out in the name of the judge of probate upon an administra
tion bond, was an indorsement that the action was brought for the benefit of a par-
ticular individual named, it was *held*, that, without the consent of the defendant,
the writ could not be amended by striking out the special indorsement in order that
the action might proceed for the benefit of whomsoever it might concern.

Debt on a probate bond, given by William and Benjamin
Loud, (with sureties,) conditioned for the faithful performance
of their duties as executors of the last will of William Loud,
deceased. An indorsement on the writ states, that " ine
action is brought for the benefit of Daniel Loud, interested
herein." The jury having returned a verdict for the defend-
ants, the plaintiff moved that judgment be rendered for the
plaintiff notwithstanding the verdict. The Court were of
opinion, that under the circumstances, the plaintiff was not
entitled to judgment for the particular and sole use of Danie
Loud, admitting that there had been a breach of the bond, but

Leland
v.
Loud.

that the action should have been brought by the judge of probate for the use of whomsoever it might concern. The counsel for the plaintiff thereupon moved the Court for ·'iberty to amend the writ by striking out the special indorsement.

*Oct.* 28*th.*        *Metcalf* and *Sampson,* for the plaintiff.

*Mann* and *Kingsbury,* for the defendants, cited *Robbins* v *Hayward,* 16 Mass. R. 524.

*February*
*term* 1835.

WILDE J. delivered the opinion of the Court. The plaintiff's motion, we think, cannot be allowed ; because the amendment proposed would substantially change the parties and the grounds of the legal defence. By the statute, in the form this action is brought, judgment is to be rendered, if the action is maintained, in favor of the judge of probate, for the use of Daniel Loud, and Loud is entitled to sue out execution thereon. He is therefore to be regarded as substantially the plaintiff in the action. He had the right, and it must be presumed that he exercised it, to sue out the writ in the name of the judge of probate, without any permission from him, and he has no authority to prosecute the action except for his own use. If therefore the amendment could be allowed, no one would be authorized to proceed in the action. And furthermore, if the amendment were allowable, it ought not to be granted but upon payment of costs to the defendants ; so that little or nothing would be gained by the amendment. In the case of *Coffin* v. *Jones,* which came before the Court some years since, from Nantucket, a similar motion to amend was made ; and it was decided that the amendment could not be allowed, except with the consent of the defendants. The question was then fully considered ; and we still remain of the opinion, that the decision was correct and conformable to the obvious meaning of the statute.

*Judgment for the defendants for costs.*